### IN THE UNITED STATES DISTRICT COURT
### FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
### AT HUNTINGTON

ERNIE RAY HOLLEY,

    Petitioner,

v.                                           CRIMINAL NO. 3:98-00040-01
                                                      (CIVIL ACTION NO.  3:05-0080)

UNITED STATES OF AMERICA,

    Respondent.

### MEMORANDUM OPINION AND ORDER

This matter is before the Court on petitioner's 28 U.S.C. § 2241 petition to vacate or set aside his federal sentence pursuant to the holding in *Blakely v. Washington*, 124 S.Ct. 2531 (2004).  In accordance with 28 U.S.C. § 636(b)(1)(B), this matter was referred to the Honorable Maurice G. Taylor, United States Magistrate Judge.  On June 20, 2005, Magistrate Judge Taylor submitted his proposed Findings and Recommendation and recommended that the petition be denied.

On June 28, 2005, the petitioner filed objections to Magistrate Judge Taylor's Findings and Recommendation, arguing that the holding in *Blakely* renders the two level enhancement he received at sentencing unconstitutional, that *Blakely's* holding should be retroactive to cases on collateral review and that as such it restarts the limitation period pursuant to 28 U.S.C. § 2255.

> [T]he Supreme Court clarified *Blakely* in *United States v. Booker*, —U.S. —, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005).  In *Booker*, the Supreme Court reaffirmed its "holding in *Apprendi*: Any fact (other than a prior conviction) which is necessary to support a sentence exceeding the maximum authorized by the facts established by a plea of guilty or a jury verdict must be admitted by the defendant or a jury verdict must be admitted by the defendant or proved to a jury beyond a reasonable doubt." *Booker*, 125 S.Ct. At 756 (2005).  However, the

rights recognized in *Booker*, *Apprendi*, and *Blakely* are not newly recognized rights by the Supreme Court "made retroactively applicable to cases on collateral review." 28 U.S.C. § 2255; *see Teague v. Lane*, 489 U.S. 288, 305-10, 109 S.Ct. 1060, 103 L.Ed.2d 334 (1989) (adopting the general rule that newly recognized constitutional rules of criminal procedure should not be applied retroactively to cases on collateral review). The Supreme Court has explained:

> [T]he Supreme Court is the only entity that can "ma[k]e" a new rule retroactive. The new rule becomes retroactive, not by the decisions of the lower court or by the combined action of the Supreme Court and the lower courts, but simply by the action of the Supreme Court.

*Tyler v. Cain*, 533 U.S. 656, 663, 121 S.Ct. 2478, 150 L.Ed.2d 632 (2001).

In *United States v. Sanders*, 247 F.3d 139, 151 (4th Cir. 2001), the Fourth Circuit held that the rule announced in *Apprendi* does not apply retroactively on collateral review because it does not fall into one of the two exceptions to the general rule stated in *Teague*. Likewise, neither *Blakely* nor *Booker* apply retroactively on collateral review. *See Booker*, 125 S.Ct. At 769 ("we must apply today's holdings – both the Sixth Amendment holding and our remedial interpretation of the Sentencing Act – to all cases on direct review"); *Green v. United States*, 397 F.3d 101, 103 (2nd Cir. 2005); *Humphress v. United States*, 398 F.3d 855, 860 (6th Cir. 2005); *In re Anderson*, 396 F.3d 1336, 1339-40 (11th Cir. 2005); *United States v. Johnson*, 353 F. Supp.2d 656, 657-58 (E.D. Va. 2005) Smith, J.).

*Small v. United States*, No.CIV.A1:03CV1293JCC, 2005 WL 1106622, at *4 (E.D. Va. May 10, 2005) (Cacheris, J.). *See also*, *Varela v. United States*, 400 F.3d 864 (11th Cir. 2005) (relying on *Schiro v. Summerlin*, 124 S.Ct. 2519 (2004) in determining that *Booker* does not apply retroactively); *United States v. Price*, 400 F.3d 844, 2005 WL 535361 (10th Cir. 2005) (holding that *Booker* is a new procedural rule which does not apply retroactively); *McReynolds v. United States*, 397 F.3d 479 (7th Cir. 2005) (holding that *Booker* does not apply retroactively to § 2255 motions as it is not a watershed rule of criminal procedure); *United States v. Fowler*, No. 05-6493, 2005 WL 1416002, at *1 (4th Cir. June 17, 2005) (unpublished) (*per curiam*) (holding that neither *Booker* nor *Blakely* announced a new rule of constitutional law made retroactive by the Supreme Court to cases on collateral review); and, *United States v. Marshall*, No. 04-7331, 117

Fed. Appx. 269 (4th Cir. Dec. 22, 2004) (unpublished) (*per curiam*) (stating that the Supreme Court did not make its ruling in *Blakely* retroactive to cases on collateral review). As the Supreme Court did not extend its holdings in *Blakely* and *Booker* to cases on collateral review, and as the Supreme Court is the only entity that can make a new rule retroactive to cases on collateral review, the Court overrules petitioner's objections to the Magistrate Judge Taylor's Findings and Recommendation.

On the basis of the foregoing, the Court hereby **ACCEPTS** Magistrate Judge Taylor's Findings and Recommendation in the above-entitled action. It is **ORDERED** that the 28 U.S.C. § 2241 petition be, and is, **DENIED**.

The Clerk is directed to forward a copy of this Memorandum Opinion and Order to the petitioner and the Office of the United States Attorney for the Southern District of West Virginia.

ENTER: July 15, 2005

_____
ROBERT J. STAKER
SENIOR UNITED STATES DISTRICT JUDGE